**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MARTHA K. CHAVIS,**

                       **Plaintiff,**                      **5:12-cv-1634
                                                                 (GLS)**

                            v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social
Security,

                       **Defendant.**
_____
APPEARANCES:                             OF COUNSEL:

FOR THE PLAINTIFF:
Legal Services of Central New York     CHRISTOPHER CADIN, ESQ.
472 South Salina Street
Suite 300
Syracuse, NY 13202

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN        BENIL ABRAHAM
United States Attorney                   REBECCA H. ESTELLE
100 South Clinton Street              Special Assistant U.S. Attorneys
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe
Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Martha K. Chavis challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Chavis' arguments, the Commissioner's decision is reversed and remanded.

## II. Background

On June 6 and 22, 2007, Chavis filed applications for DIB and SSI, respectively, under the Social Security Act ("the Act"), alleging disability since December 26, 2006. (Tr.[1] at 62-63, 129-42.) After her applications were denied, (*id.* at 71-76), Chavis requested a hearing before an Administrative Law Judge (ALJ), which was held on February 10, 2010, (*id.* at 31-53, 77). On May 18, 2010, the ALJ issued an unfavorable decision denying the requested benefits ,which became the Commissioner's final determination upon the Social Security Administration Appeals Council's

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

denial of review. (*Id.* at 1-8, 13-30.)

Chavis commenced the present action by filing her complaint on November 1, 2012 wherein she sought review of the Commissioner's determination. (Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 12, 16.)

## III. Contentions

Chavis contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence.[2] (Dkt. No. 12 at 12-24.) Specifically, Chavis claims that the ALJ erred in: (1) determining her severe impairments; (2) assessing her residual functional capacity (RFC); (3) evaluating her credibility; and (4) failing to call upon a vocational expert (VE). (*Id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and her decision is also supported by substantial evidence. (Dkt. No. 16 at 5-11.)

## IV. Facts

The court adopts the parties' undisputed factual recitations. (Dkt.

---

[2] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks omitted).

3

No. 12 at 2-8; Dkt. No. 16 at 1.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[3] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Severity Determination

Among other arguments, Chavis contends that the ALJ erred in failing to find her "cervical-dorsal-lumbar sprain/strain radiculopathy," chronic neck and back pain, and "Bipolar II disorder" to be severe impairments under the regulations. (Dkt. No. 12 at 22-24.) The Commissioner counters that the ALJ's severity determination included Chavis' bipolar disorder, and, further, that the ALJ properly determined that

---

[3] Review under 42 U.S.C. §§ 405(g) and 1383(c)(3) is identical. As such, parallel citations to the regulations governing SSI are omitted.

4

Chavis' neck and back pain are not medically determinable impairments. (Dkt. No. 16 at 5-6.) For the following reasons, the court agrees with Chavis that remand is necessary.

At step two, a claimant has the burden of establishing that she has a "severe impairment," which is "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c); *see Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). As pertinent here, basic work activities are "the abilities and aptitudes necessary to do most jobs," including: "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling," as well as "[u]nderstanding, carrying out, and remembering simple instructions; [u]se of judgment; [r]esponding appropriately to supervision, co-workers and usual work situations; and [d]ealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b)(1), (3)-(6). "The 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, itself, sufficient to deem a condition severe." *Bergeron v. Astrue*, No. 09-CV-1219, 2011 WL 6255372, at *3 (N.D.N.Y. Dec. 14, 2011) (quoting *McConnell v. Astrue*, No. 6:03-CV-0521,

5

2008 WL 833968, at *2 (N.D.N.Y. Mar. 27, 2008)). The omission of an impairment at step two may be deemed harmless error, particularly where the disability analysis continues and the ALJ later considers the impairment in her RFC determination. *See Tryon v. Astrue*, No. 5:10-CV-537, 2012 WL 398952, at *4 (N.D.N.Y. Feb. 7, 2012); *see also Plante v. Astrue*, No. 2:11-CV-77, 2011 WL 6180049, at *4 (D. Vt. Dec. 13, 2011).

Here, the ALJ found that Chavis suffered from two severe impairments, namely, asthma, and "a mood disorder (variously characterized)." (Tr. at 19.) Thus, the ALJ continued the sequential analysis, and, during the subsequent RFC determination, considered the symptoms these impairments could reasonable be expected to cause. (*Id.* at 20-23.) As the Commissioner points out, bipolar disorder is a type of mood disorder. (Dkt. No. 16 at 5); *see* National Institutes of Health, *NIH Fact Sheets - Mood Disorders*, http://report.nih.gov/NIHfactsheets/ViewFactSheet.aspx?csid=48 (last visited Feb. 4, 2014). Thus, Chavis' contention with respect to her bipolar disorder is without merit. (Dkt. No. 12 at 23.)

Turning to Chavis' neck and back impairments, the ALJ found that these were not medically determinable impairments because the results of

6

a lumbar spine x-ray revealed only disc space narrowing, and Chavis refused a needle EMG examination which could diagnose cervical radiculopathy. (Tr. at 19.) Chavis argues that the ALJ failed to consider that she was diagnosed with "cervical-dorsal-lumbar sprain/strain radiculopathy," chronic neck and back pain, and lumbar pain. (Dkt. No. 12 at 24; Tr. at 258, 357, 402, 518, 562-67.) As the Commissioner points out, (Dkt. No. 16 at 6), Chavis' "cervical-dorsal-lumbar sprain/strain radiculopathy" was not expected to last for a continuous period of twelve months, and therefore does not meet the duration requirement for a severe impairment under the regulations. *See* 20 C.F.R. § 404.1509; (Tr. at 258.) As for her neck pain, the ALJ noted that the medical record contains no clinical or diagnostic evidence of any neck impairment, and, in February 2009, Chavis denied experiencing any neck pain and refused a needle EMG examination which could exclude cervical radiculopathy as a cause for her alleged hand and finger pain. (Tr. at 19, 399.) Because the impairments "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques," 20 C.F.R. § 404.1508, and not merely subjective complaints, *see id.* § 404.1528(a), the ALJ was correct in

7

determining that her neck pain was not a severe impairment. (Tr. at 19.)

Chavis' claim with respect to her back pain, on the other hand, is one of several arguments which rely, in part, on the opinions of treating physician Kristen Graves. (Tr. at 562-67.)[4] Dr. Graves diagnosed Chavis with back pain, neuropathy, bipolar disorder, and asthma. (*Id.* at 562-67.) According to Dr. Graves, the objective findings that support her opinion include annular bulging at L4-5, L5-S1, degenerative changes of the lumbar facet joints, spondylosis, wheezing, and Chavis' antalgic gait. (*Id.*) Dr. Graves' reports were all rendered after the ALJ issued her decision. (*Id.* at 13-30, 562-67). Nevertheless, this evidence was received by the Appeals Council. (*Id.* at 1-8). Thus, to the extent Chavis argues that the ALJ erred, the court disagrees. But the inquiry in this case does not end with the ALJ's decision since the Appeals Council's review is also relevant in determining whether the denial of benefits was supported by substantial evidence. *See Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996) (holding

---

[4] Chavis argues that the ALJ erred in failing to find her back pain to be a medically determinable impairment under the regulations, despite diagnoses throughout the record, including those of Dr. Graves. (Dkt. No. 12 at 22-24; Tr. at 562, 564, 566.) Likewise, her second claim, with respect to the ALJ's RFC determination, proffers Dr. Graves' opinion to prove she was "very limited" in her ability to walk, stand, sit, push, pull, bend, and lift. (Tr. at 563, 565; Dkt. No. 12 at 14-15.) And, in arguing that the ALJ failed to properly evaluate her credibility, Chavis points to the opinions and objective findings of Dr. Graves as support for her subjective complaints. (Dkt. No. 12 at 19.)

8

"that the new evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision.").[5]

Here, the Appeals Council's decision is, to say the least, conclusory as there are no specific references to Chavis' case or the additional evidence she submitted after the ALJ issued her decision. (Tr. at 1-2.) Given that the Commissioner must provide "'good reasons' for the weight given to the treating source's opinion," *Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (citations omitted), and the potentially dispositive nature of Dr. Graves' opinions,[6] the Appeals Council's formulaic response is

---

[5] The Appeals Council shall consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(b). Here, although Dr. Graves' opinions were rendered subsequent to the ALJ's decision, Dr. Graves reports that she has treated Chavis since May 1, 2008, and that her impairments began prior to that date. (Tr. at 562, 564, 566); *see Flagg v. Colvin*, No. 5:12-CV-0644, 2013 WL 4504454 at *5 (N.D.N.Y. Aug. 22, 2013) (rejecting the argument that the Appeals Council may properly dismiss a physician's opinion solely because it was completed after the date of the ALJ's decision.)

[6] For example, the Commissioner argues that Chavis' back pain is not a medically determinable impairment because it is not "shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508; (Dkt. No. 16 at 5.) However, Dr. Graves opined that Chavis' back pain is demonstrated by clinical signs and laboratory findings. (Tr. at 562, 566); *see* 20 C.F.R. § 404.1528. Further, the ALJ determined that Chavis could perform the full range of medium work, which requires "standing or walking, off and on, for a total of approximately [six] hours in an [eight]-hour workday." SSR 83-10, 1983 WL 31251, at *6 (1983); (Tr. at 20.) However, Dr. Graves opined that Chavis could only walk and stand for one to two hours a day. (Tr. at 563, 565.)

9

insufficient. *See James v. Comm'r of Soc. Sec.*, No. 06-CV-6180, 2009 WL 2496485, at *10 (E.D.N.Y. Aug. 14, 2009) (holding that "where newly submitted evidence consists of findings made by a claimant's treating physician, the treating physician rule applies, and the Appeals Council must give good reasons for the weight accorded to a treating source's medical opinion"). Because "'there is reasonable basis for doubting whether the Commissioner applied the appropriate legal standards, even if the ultimate decision may be arguably supported by substantial evidence,'" the Commissioner's decision is reversed and remanded for further administrative proceedings. *Swanson ex rel. J.M.C.S. v. Astrue*, No. 5:06-CV-97, 2009 WL 1362959, at *4 (N.D.N.Y. May 13, 2009) (quoting *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999)); *see Flagg*, 2013 WL 4504454 at *7 (explaining that remand for reconsideration of new medical evidence is required where the Appeals Council's failure to provide good reasons for discounting a treating physician's opinion frustrates meaningful review).

**B.  Remaining Contentions**

Because Chavis' remaining contentions may be impacted by the subsequent proceedings directed by this Order, it would be premature of

the court to address them at this juncture.  *See Christiana*, 2008 WL 759076 at *3.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 13, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court